

tween an "attempt" and an "endeavor" to perpetrate the evil the section was intended to prohibit. Therefore, the actual bribe requirement adopted by the majority cannot be reconciled with the clearly drawn distinction between "attempt" and "endeavor" which appears in the legislative history.

The conclusion to be drawn from the legislative history of section 1510(a) is unmistakable. That history indicates that section 1510(a) prohibits endeavors to bribe as well as overt acts of bribery. By committing the overt act with the intent to bribe required for violation of section 1952, appellant also "endeavor[ed] by means of bribery to obstruct ... communication of information" and thereby violated section 1510(a). Because establishing a violation of 1510(a) does not require proof of any fact not required for proof of a violation of section 1952, under *Blockburger*, appellant cannot be subject to two consecutive sentences.

WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, and LEAVY, Circuit Judges.

## ORDER

Upon the vote of a majority of the nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The previous three-judge panel assignment is withdrawn.

**UNITED STATES of America, Petitioner/Appellee Cross–Appellant,**

v.

**Katherine Bordallo AGUON, et al., Defendant–Appellant.**

**No. 85–1318.**

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1987.

Before BROWNING, Chief Judge, GOODWIN, WALLACE, KENNEDY, ANDERSON, HUG, TANG, SCHRODER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL,

**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Arthur Andrew ALLEN, Defendant/Appellant.**

**No. 84–4360.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Nov. 9, 1987.

